**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3312-16T3

IN THE MATTER OF
MICHAEL CHASE,
IRVINGTON TOWNSHIP.

Argued September 10, 2019 – Decided September 20, 2019

Before Judges Yannotti and Currier.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-3278.

Susan E. Volkert argued the cause for appellant Township of Irvington (De Cotiis FitzPatrick Cole & Giblin LLP, attorneys; Susan Engelman Volkert and Christopher James Turano, of counsel and on the briefs).

Joseph R. Donahue argued the cause for respondent Michael Chase (Brickfield & Donahue, attorneys; Joseph R. Donahue, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

This appeal arises from the Township of Irvington's (the Township) appeal from a final decision of the Civil Service Commission (CSC). We affirm.

After the Township Council enacted an ordinance abolishing the title of Police Chief,[1] it informed petitioner, Police Chief Michael Chase, that his position had been eliminated and he was instructed to return his service weapon and badge on January 19, 2016. A January 15, 2016 letter advised Chase that the Township would continue to pay Chase his regular salary until his state-mandated retirement date of July 1, 2016.[2] It also thanked Chase for his "dedication and service over the many years."

After Chase received notification in January of the elimination of his position, he filed a claim for unemployment benefits. He also closed the bank account into which he received a direct deposit of his salary, and asked the

---

[1] The ordinance created a Public Safety Department that included a Division of Police. The Director of Public Safety was charged to direct the operations of the Division of Police, thus abolishing the Chief of Police position. The ordinance, adopted by the Township on January 12, 2016, became effective the following day.

[2] In response, Chase filed a complaint in New Jersey Superior Court alleging violations of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14. That action remains stayed pending the disposition of the disciplinary action appeal.

A-3312-16T3

Township to issue him paper paychecks. Although Chase received paychecks until his March 11 termination date, he did not cash them. He also received unemployment benefits.

In early February, the CSC informed the Township that civil service rules only permitted the involuntary separation of an employee in the case of a layoff or major disciplinary action. The Township responded, notifying the CSC of its layoff plan to be implemented in accordance with the statutory requirements.[3] The CSC thereafter approved the layoff plan and elimination of the Chief of Police position, with an effective date of May 11, 2016.

Prior to these events, multiple disciplinary charges had been filed against Chase, and disciplinary hearings had been conducted over a two-year period from 2013 until October 2015. In February 2016, after the Chief's position was eliminated, the hearing officer found Chase guilty of twelve of the charges, not guilty of several charges and dismissed others, and recommended his removal from office.

As a result of the hearing officer's determination, the Township decided to terminate Chase for disciplinary reasons. Therefore, on March 10, 2016, the

---

[3] Chase was the only employee being laid off.

A-3312-16T3

Township sent a final notice of disciplinary action advising Chase he was terminated effective March 11, and seeking reimbursement of salary and retroactive payments made during Chase's suspension with pay throughout the pendency of the disciplinary hearings.[4] The following month, the Township rescinded its layoff plan.

As these events continued to unfold, Chase filed an action in lieu of prerogative writs on March 3, 2016, in which he sought an injunction against the ordinance, a stay of the disciplinary proceedings, and reinstatement as Chief.[5] After the trial court denied the requested relief, Chase filed an application for interim relief before the CSC, asserting he was improperly

---

[4] Chase appealed the hearing officer's determination and his removal, and multiple hearings have been conducted in the Office of Administrative Law (OAL). At oral argument, counsel advised the hearings are ongoing.

[5] The Township's motion for dismissal of the prerogative writs matter was granted in October 2016; a subsequent motion for reconsideration was denied. In dismissing the complaint, the trial judge found Chase had not exhausted his administrative remedies. He also determined that Chase's request for reinstatement as police chief and his challenge of the ordinance were moot as Chase had reached the mandatory retirement age and could not return to the chief position. Chase withdrew his appeal from the dismissal in October 2017.

terminated from his employment on January 19, 2016.[6] The subsequent actions of the CSC form the basis for this appeal.

In its final administrative action issued February 23, 2017, the CSC noted the Township did not follow the applicable civil service regulations governing the layoff of a permanent employee when it separated Chase from his employment on January 19, 2016. Under N.J.A.C. 4A:8-1.4(a), the Township was required to provide the CSC with a layoff plan at least thirty days prior to the issuance of layoff notices. Here, the Township did not submit its layoff plan to the CSC until February 5, several weeks after it separated Chase. The CSC approved the layoff plan later in February setting an effective date of May 11. Therefore, the Township was in violation of the prescribed layoff procedures.

However, because the Township removed Chase for disciplinary charges on March 11, 2016, which was a permissible ground for discharge, the CSC determined Chase was entitled to back pay from the time he was relieved of his duties on January 19, 2016 to the date of his removal on March 11, 2016.

The Township appealed the CSC's determination and subsequently moved before this court to stay the appeal pending resolution of the OAL disciplinary

---

[6] In support of his appeal, Chase provided the determination of the New Jersey Department of Labor and Workforce Development finding his position was eliminated as of January 19, 2016.

hearings and to supplement the record on appeal. The CSC, in a cross-motion, requested a remand for further proceedings based on documents it had not considered in its prior determination. Specifically, the CSC stated it had not received certain documents needed to evaluate whether Chase was terminated from employment in January 2016 or whether he continued to be employed until he was terminated on disciplinary charges in March. We granted the motion to supplement the record and ordered a remand to the CSC. The motion to stay the appeal was denied.

The CSC affirmed its prior determination in a June 22, 2018 order, finding "the additional arguments and documentation d[id] not change its previous decision." The CSC found the Township's action preventing Chase from performing his duties as of January 19, 2016 was not authorized under any civil service rule or law. The CSC reaffirmed its conclusion that Chase was entitled to back pay from January 19 until March 11, 2016.

On appeal, the Township challenges the CSC's June 22, 2018 order, contending it was arbitrary, capricious and unreasonable, unsupported by civil service law, and Chase was estopped from contesting his termination date. We are unpersuaded.

The standard of review applicable to an appeal from a state agency decision is well established. "Judicial review of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223-24 (2009)). In reviewing an administrative decision, we ordinarily recognize the agency's expertise in its particular field. Id. at 14 (citing Hemsey, 198 N.J. at 223).

The limited issues before us are whether the CSC was arbitrary and capricious in its determination of a January 19, 2016 termination date, and its award of back pay from that date until Chase was removed on March 11, 2016.

Because of Chase's permanent employee status, civil service regulations only permitted his termination for disciplinary reasons or pursuant to an approved layoff plan. See N.J.A.C. 4A:8-1.1(a); N.J.A.C. 4A:8-1.4. When the Township ordered Chase to turn in his badge and service weapon and relieved him of his police chief duties on January 19, it had not yet submitted a layoff plan to the CSC and the outcome of the disciplinary proceedings against Chase were still unknown.

The Township's contention that it did not "terminate" Chase on January 19 because Chase remained on the payroll until his 65th birthday in July lacks credibility. Chase was instructed to turn in his badge, service weapon and any other police-related equipment, and advised his position had been abolished. Whether the term "termination" was used in the letter is not pivotal to a determination of Chase's discharge date. When he was relieved of his duties on January 19, he no longer had a job with the Township. The Township's decision to continue paying Chase for another six months after eliminating his position cannot save it from its statutory obligations under the civil service law. Therefore, the CSC's conclusion that Chase was terminated on January 19, 2016, when the Township improperly relieved him of his duties, was supported by the credible evidence before it.

Following the hearing officer's findings of guilt of numerous disciplinary charges, the Township issued a final notice of disciplinary action and terminated Chase on March 11, 2016 pursuant to N.J.A.C. 4A:8-1.1(a). The award of back pay from the time of the termination of duties to Chase's discharge was not arbitrary or capricious.[7] As no other administrative agency or court had rendered

---

[7] The Township argues it is entitled to a credit of the back pay for any unemployment benefits Chase collected during the back pay period. Any application for an offset of back pay should be presented to the CSC.

a determination as to Chase's termination date, we are satisfied he was not estopped from presenting his argument to the CSC in his application for interim relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3312-16T3